IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HARLEY JIM WEBER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:22-cv-02512-JAR-KGG |
| | ) | |
| VALOR FORD, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | _____ |

### ORDER TO SHOW CAUSE

The Complaint alleges this Court has subject matter jurisdiction pursuant to K.S.A. 50-638. However, in federal courts, federal statute confers jurisdiction. *See, e.g.*, 28 U.S.C. § 1332 (diversity). One count, a violation of the Kansas Consumer Protection Act, is alleged in the Complaint. Therefore, the cause action does not arise from a violation of federal laws or the United States Constitution. Further, the United States in not a party to this lawsuit. As such, the Court will assume the Plaintiff intends to proceed on diversity jurisdiction grounds. In evaluating diversity jurisdiction, the organizational structure determines the citizenship of a business entity. The citizenship of a corporation is both the state or foreign state of incorporation and the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between:

(1) citizens of different States;

1

>    (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
>    (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
>    (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Simply stated, diversity is absent when citizens of the same state are on both sides of the case. *See id.* Here, the Complaint alleges "Plaintiff Harley Jim Weber is a resident and citizen of Clear Lake, Iowa." (Doc. 1, at 1.) The Complaint further alleges that "Defendant Valor Ford Inc. is a registered Kansas for profit corporation that is active and in good standing and engaged in the business of selling new and used automobiles." (*Id.*) Plaintiff has not, however, alleged the principal place of business. As such, the Court cannot determine the validity of the claimed diversity.

It is the independent obligation of the court to determine that subject matter jurisdiction is proper and that the court "do[es] not exceed the scope of [its] jurisdiction . . . ." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Accordingly, this Court "must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* (citation omitted). If it becomes apparent that jurisdiction does not exist, the Court, on its own, "must dismiss the cause at any stage of the proceedings . . . ." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); Fed. R. Civ. P. 12(h)(3).

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause to the undersigned Magistrate Judge on or before **January 2, 2023**, as to why this action should not be dismissed for lack of subject matter jurisdiction. The Plaintiff should further clarify and properly cite to the grounds of subject-matter jurisdiction on which he wishes to proceed.

**IT IS SO ORDERED.**

Dated this 12th day of December 2022, at Wichita, Kansas.

/S K<small>ENNETH</small> G. G<small>ALE</small>
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE